## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
                                  :
ANTHONY E. MONTGOMERY,            :
                                  :          Civil Action No.
             Plaintiff,           :          10-0272 (JAP)
                                  :
        v.                        :     **MEMORANDUM OPINION AND ORDER**
                                  :
WARDEN WILLIAM FRASER et al.,     :
                                  :
             Defendants.          :
_____  :


        IT APPEARING THAT:

1.   Plaintiff, a federal prisoner (against whom state charges
     are also apparently pending for violating the terms of his
     parole), initiated this action while being confined at the
     Monmouth County Correctional Facility, Freehold, New Jersey.
     See Docket.  Plaintiff submitted for filing his civil
     complaint and an application to proceed in this matter in
     forma pauperis.  See Docket Entry No. 1.

2.   In addition to his past and pending state charges, Plaintiff
     has an extensive history of federal criminal violations.
     See, e.g., USA v. Montgomery, 92-cr-00105 (MTB) (D.N.J.);
     USA v. Montgomery, 91-mj-05042 (FLW) (D.N.J.).  Plaintiff's
     latest federal criminal proceedings have concluded just a
     few days ago.  See USA v. Montgomery, 09-cr-00386 (AET).  In
     those proceedings, Judge Anne E. Thompson entered judgment
     on March 11, 2010.  See id., Docket Entry No. 38.  The day

prior to entering judgment, Judge Thompson held Plaintiff's sentencing proceedings, see id., Docket Entry No. 37, for which Judge Thompson issued a habeas writ directing the authorities in custody of Plaintiff to produce Plaintiff for sentencing.  See id., Docket Entry No. 35.  Judge Thompson's writ indicated that Plaintiff was in custody of the New Jersey State Prison, Trenton, New Jersey, and is no longer at the Monmouth County Correctional Facility, Freehold, New Jersey.[1]

3.   The aforesaid discrepancy suggests that Plaintiff has not complied with Local Civil Rule 10.1(a) that requires unrepresented parties to advise the Court of any change in address within five days.

4.   Moreover, in addition to the concerns associated with Local Civil Rule 10.1(a), Plaintiff now being housed at the New Jersey State Prison has significant implications when read in light of Plaintiff's instant complaint.

5.   The complaint is a lengthy document asserting a multitude of facts and suggesting a multitude of claims.[2]  See Instant

---

[1]  It also appears self-evident that Plaintiff is to be transferred into custody of the Bureau of Prisons within the nearest future, which means that Plaintiff will be moved from the New Jersey State Prison to a federal correctional institution.

[2]  The bulk of claims asserted in the complaint do not appear viable.  However, it appears that some of Plaintiff's conditions-of-confinement and First Amendment-based allegations are such that they might be cured if Plaintiff is granted leave

2

Matter, Docket Entry No. 1.  However, the sole relief Plaintiff is seeking in the case at bar is a transfer from the Monmouth County Correctional Facility to any other state or federal facility.  See id., at 11.  That particular request for relief has clearly been mooted by the fact that Plaintiff is already housed at a different facility, i.e., the New Jersey State Prison.[3]  Therefore, Plaintiff's complaint shall be dismissed as moot, because Plaintiff neither is nor is likely to be housed at the Monmouth County Correctional Facility in the foreseeable future.[4]

6.     The Court, however, notes that Plaintiff's complaint contains allegations that, upon re-pleading, might state a viable claim, that is, provided that Plaintiff would seek a relief in the form of monetary damages.  Therefore, with the

---

to amend.

[3]   In addition, it is well established that a prisoner or a pre-trial detainee possesses no liberty interest arising from the Due Process Clause in being housed at a particular place of confinement.  See, e.g., Olim v Wakinekona, 461 U.S. 238, 245-46 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976).

[4]   Judge Thompson sentenced Plaintiff to 292 months of federal imprisonment, with five years of supervised release.  See USA v. Montgomery, 09-cr-00386 (AET), Docket Entry No. 38. Therefore, even if -- as a result of his pending state charges based on violation of his parole -- Plaintiff enters state custody upon expiration of his federal term, Plaintiff's conditions-of-confinement and First Amendment-based challenges ensuing from his housing at the Monmouth County Correctional Facility would have no reason to be raised again for more than two decades.

goal of preserving these potentially viable Plaintiff's claims, the Court finds it inappropriate to outright dismiss Plaintiff's claims as moot and will direct the Clerk's Office to administratively terminate this matter for Plaintiff's failure to comply with Local Civil Rule 10.1(a).

7.   In light of such administrative termination on the grounds unrelated to procedural or substantive (in)sufficiency of Plaintiff's pleading, the Court finds it proper to dispense with assessment of the applicable filing fee.

IT IS on this 29th day of March, 2010,

ORDERED that the Clerk of the Court is directed to administratively terminate this matter without filing the complaint or assessing the filing fee; and it is further

ORDERED that the Clerk shall close the file on this matter by making a new and separate entry on the docket reading "CIVIL CASE TERMINATED".


/s/ Joel A. Pisano
Joel A. Pisano,
United States District Judge